FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERNEST L., | NO:  22-CV-3060-RMP |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Ernest L.[1], ECF No. 10, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 11.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) of the Commissioner's denial of his claim for Social Security Income ("SSI") under Title XVI of the Social Security Act (the "Act").  *See* ECF No. 10 at 2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 1

Having considered the parties' motions, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court grants in part Plaintiff's Motion for Summary Judgment, denies summary judgment for the Commissioner, and remands for further proceedings.

## BACKGROUND

### General Context

Plaintiff applied for SSI on approximately December 18, 2019, alleging an onset date of November 1, 2019. Administrative Record ("AR")[2] 225. Plaintiff was 50 years old on the alleged disability onset date and asserted that he was unable to work due to central spinal cord syndrome, body numbness, body weakness, and a broken collarbone. AR 235, 261. Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing. *See* AR 123–25.

On May 14, 2021, Plaintiff appeared for a hearing held by Administrative Law Judge ("ALJ") Joseph Hajjar, by teleconference, from Cleveland, Ohio. AR 61–63. Plaintiff was represented by a non-attorney representative. AR 51. The ALJ heard from Plaintiff as well as vocational expert Kathleen Byrnes, who participated telephonically. AR 51–89. ALJ Hajjar issued an unfavorable decision on June 23, 2021, and the Appeals Council denied review. AR 1−6, 24.

/ / /

---

[2] The Administrative Record is filed at ECF No. 8.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 2

***ALJ's Decision***

Applying the five-step evaluation process, ALJ Hajjar found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since December 18, 2019, the application date.  AR 17.

**Step two:** Plaintiff has the following severe impairments that are medically determinable: degenerative disc disease and upper extremity fracture, pursuant to 20 C.F.R. § 416.920(c).  AR 17.  The ALJ further found that Plaintiff has non-severe diabetes mellitus and memorialized that he considered both Plaintiff's severe and non-severe impairments in his decision.  AR 17.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).  AR 17.  In reaching this conclusion, the ALJ considered whether Plaintiff's impairments meet listing 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root); 1.18 (abnormality of a major joint or joints in any extremity), and 1.23 (non-healing or complex fracture of an upper extremity).  AR 18–19.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) except that he can frequently push/pull with his bilateral upper extremities.  AR 20.  He can occasionally reach overhead bilaterally.  AR 20.  For all other reaching, he can

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3

frequently reach in all directions, bilaterally.  AR 20.  He can frequently handle and finger items, bilaterally.  AR 20.  The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, stoop frequently, kneel frequently, crouch frequently, and crawl frequently.  AR 20.  The claimant can occasionally work in extreme cold.  AR 20.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms were inconsistent with aspects of the medical record.  AR 21.

**Step four:** The ALJ found that Plaintiff is unable to perform past relevant work.  AR 22 (citing 20 C.F.R. § 416.965).

**Step five:** The ALJ found that Plaintiff was 51 years old, which is defined as an individual closely approaching advanced age, on the date that the application was filed.  AR 22 (citing 20 C.F.R. § 416.963).  The ALJ further found that Plaintiff has a GED high school equivalency education and that transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not the claimant has transferable job skills.  AR 22 (citing SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).  The ALJ found that given Plaintiff's age, education, work experience, and RFC, Plaintiff can make a successful adjustment to other work that exists in significant numbers in the national economy.  AR 22–23.  Finally, the ALJ recounted that the VE identified the following representative

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 4

occupations that Plaintiff would be able to perform with the RFC: Cafeteria

Attendant (light, unskilled, with around 29,000 jobs nationally);

Cleaner/Housekeeper (light, unskilled work, with around 221,000 jobs nationally);

and Marker (light, unskilled work with around 129,000 jobs nationally).  AR 49.

The ALJ concluded that Plaintiff has not been disabled within the meaning of the

Act at any time since Plaintiff filed his SSI application on December 18, 2019.  AR

23.

Through counsel, D. James Tree, Plaintiff sought review before this Court.

ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the

Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

Commissioner's denial of benefits only if the ALJ's determination was based on

legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

determination that a claimant is not disabled will be upheld if the findings of fact are

supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112,

1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

1989).  Substantial evidence "means such evidence as a reasonable mind might

accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389,

401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

[Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark*

*v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the

record, not just the evidence supporting the decisions of the Commissioner.

*Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the

proper legal standards were not applied in weighing the evidence and making a

decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.

1988).  Thus, if there is substantial evidence to support the administrative findings,

or if there is conflicting evidence that will support a finding of either disability or

nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*,

812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to

be under a disability only if his impairments are of such severity that the claimant is

not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. § 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment

meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past. If the claimant can perform his previous work, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering his residual functional capacity and age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 8

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.    Did the ALJ erroneously reject Plaintiff's subjective complaints?

2.    Did the ALJ erroneously fail to develop the record?

3.    Did the ALJ erroneously reject a lay witness statement?

### *Subjective Symptom Testimony*

Plaintiff argues that none of the three reasons offered by the ALJ for rejecting Plaintiff's testimony of disabling impairments meets the demanding clear and convincing standard.  ECF No. 10 at 7.

The Commissioner responds that the ALJ reasonably discounted Plaintiff's subjective complaints. ECF No. 11 at 4–5.

The Court addresses each reason in turn.

#### Objective Evidence

With respect to a purported conflict with the objective evidence, Plaintiff argues that the ALJ misconstrued the note from Plaintiff's one-month post-operative appointment by surgeon Dr. Peter Grunert that Plaintiff had "'made a remarkable recovery from his central cord syndrome.'"  ECF No. 10 at 7–8 (quoting AR 465). Plaintiff asserts that the rest of Dr. Grunert's treatment note shows that Plaintiff's recovery did not achieve a full recovery:

> He still however [sic] has a disability mostly due to his spinal ataxia, which causes an imbalanced gait. The patient also has residual weakness in his hands as well as impaired proprioception on the right more than on the left. In that regard, he still has a disability caused by

his spinal cord injury. The disability is severe enough to impact performing his usual daily activities.

*Id.* at 8 (quoting AR 465).  Plaintiff asserts that he "did not claim to have had no improvements following his initial injury, but instead that he continues to suffer ongoing limitations that are prohibitive of sustain [sic] full-time employment, including chronic pain, instability while standing and walking, and weakness in his arms and hands." *Id.* (citing AR 70, 72, 74–75).  Plaintiff contends that the ALJ erred in failing to articulate why Plaintiff's "modest improvement with significant ongoing limitations" is inconsistent with any specific complaint by Plaintiff.  *Id.* at 8–9.

The Commissioner responds that there is no dispute that Plaintiff's recovery was incomplete because the ALJ found that Plaintiff had significant limitations when assessing Plaintiff's RFC.  ECF No. 11 at 6 (citing AR 20).  The Commissioner continues that the ALJ, elsewhere in his decision, found Dr. Grunert's statement that Plaintiff was "disabled" unpersuasive, and Plaintiff does not challenge this finding.  *Id.* (citing AR 21; *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008)).  Lastly, the Commissioner argues that Plaintiff's citation to other treatment notes in the record is unavailing "because the ALJ is the 'final arbiter with respect to resolving ambiguities in the medical evidence.'"  ECF No. 11 at 7 (citing *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (internal quotation omitted)).

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281.

There is no allegation of malingering in this case. Plaintiff testified that, when he returned to work briefly in July or August 2020, he could not climb ladders, hang cabinets, or hang doors, all of which he was able to do as a finish carpenter before his November 2019 injury. AR 59–62. Plaintiff testified that he could not handle even the lighter duties of the new position that he was given with the construction company in 2020 and that he was "struggling the whole time and hurting in pain." AR 63. Plaintiff estimated that he could not lift any more than twenty pounds and struggled to pick up items such as screws off of the ground because of numbness and stiffness in his fingers and hands. AR 64. He stated that his hands also start to cramp and hurt after trying to hold a paintbrush "for too long," which was one of his duties before he was laid off in 2020. AR 64.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 11

Plaintiff recalled that, when he tried working in 2020, he was in pain throughout

the day and was using Tylenol and ibuprofen "all day long."  AR 65.

In relevant part, the ALJ found that after Plaintiff injured his spinal

cord/neck on November 2, 2019, he had surgery and other treatments and was

discharged on November 21, 2019, with the following discharge summary from

Dr. Grunert: "'Patient recovered significantly after initiation of cortisone therapy

and even more after the decompressive procedure. He was unable to form a fist and

walk when he was admitted, all of this is possible now. Incision healed well [sic]

Staples were removed.'"  AR 21 (quoting AR 343).  The ALJ further noted that

Plaintiff's treatment note from a December 9, 2019 follow-up appointment with

Dr. Grunert "revealed, 'The patient made a remarkable recovery from his central

cord syndrome. He mobilizes completely independently. His strength and sensation

improved significantly.'"  AR 21 (quoting AR 465).  The ALJ added, without

citation, that Plaintiff "fractured his left clavicle on January 18, 2020, but required

no surgery" and by "July 2020, he had a full range of motion in his neck."  AR 21.

As Plaintiff cites in his brief, and as the ALJ recorded earlier in his decision,

Dr. Grunert also noted on December 9, 2019, that Plaintiff "still has a disability

due to . . . spinal ataxia which causes an imbalanced gait" and still experiences

residual weakness in his hands and impaired proprioception.  AR 19, 465; *see* ECF

No. 10 at 7–8.  Therefore, while the ALJ reasoned that Plaintiff made a significant

or even remarkable recovery post-surgery, without qualification, the record cited

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 12

by the ALJ indicates that several symptoms persisted.  AR 21, 465.  The ALJ's

reasoning does not acknowledge that the objective medical record shows persistent

symptoms.  AR 465.  Therefore, the Court finds that the ALJ did not fully account

for the evidence cited.

An ALJ's material mischaracterization of the record can itself warrant

remand.  *See, e.g., Regennitter v. Commissioner*, 166 F.3d 1294, 1297 (9th Cir.

1999).  The ALJ's mischaracterization or cherry-picking here is material because

the omitted notes are consistent with Plaintiff's testimony that he could not climb

ladders, hang cabinets, or hang doors; that he struggled to pick up items such as

screws off of the ground because of numbness and stiffness in his fingers and

hands; and that his hands started to cramp and hurt after trying to hold a paintbrush

"for too long."  AR 60–64.  Moreover, the ALJ did not specify how the objective

medical record undermined any specific symptom testimony by Plaintiff.  AR 21;

*see Lambert v. Saul*, 980 F.3d 1266, 1277–78 (9th Cir. 2020) (reversing an ALJ's

unfavorable decision due to the failure to identify which testimony and evidence

was not credible and which evidence contradicted claimant's testimony).  For all of

these reasons, conflict with the medical evidence was not a clear and convincing

reason to discount Plaintiff's testimony.

Work

Plaintiff argues that substantial evidence does not support the ALJ's

reasoning that Plaintiff's return to work undermines Plaintiff's symptom

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 13

testimony.  ECF No. 10 at 8.  Plaintiff asserts that the ALJ ignored evidence that

Plaintiff's work attempt in 2020 did not amount to "substantial gainful activity."

*Id.* at 10.  Plaintiff recites that he: obtained the job with his former employer with

help from his son, who also works there; struggled to complete the job duties; and,

during less than two months of work, had to take short breaks every 30 to 45

minutes due to pain and muscle spasms and took "one or two" days off due to pain.

*Id.* (citing AR 63, 64, 72, 73).

The Commissioner responds that the ALJ legitimately considered that

Plaintiff's attempt to work ended for reasons other than disability, namely COVID

shutdowns, in discounting Plaintiff's subjective complaints.  ECF No. 11 at 7–8

(citing AR 59, 21, 253 as evidence that Plaintiff stated that he was laid off when

COVID "was shutting everything down," and thereafter received unemployment).

The Commissioner maintains that even work that did not amount to substantial

gainful activity could show that Plaintiff is able "to do more work than [he]

actually did," and "the ALJ reasonably? found Plaintiff's return to work and

discharge for reasons other than disability undermined his allegations of disabling

limitations."  *Id.* at 8 (citing 20 C.F.R. § 416.971).  Lastly, the Commissioner

submits that the ALJ was not required to discuss "every caveat" that Plaintiff had

about his return to work because the ALJ properly discounted his testimony

elsewhere in the decision.  *Id.* at 8–9 (citing *Smartt*, 53 F.4th at 500 n.3).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 14

1    An ALJ may properly reject a claimant's allegation of an inability to work

2    where there is evidence that he stopped working for a reason other than disability.

3    *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (finding that claimant

4    stopped working because he was laid off).  In *Bruton*, the claimant worked for

5    nearly thirty years as a machinist and was injured on the job a week and a half

6    before being laid off.  268 F.3d at 826.  The claimant did not seek medical

7    attention for his injury for five months after he was laid off, and told at least one of

8    his doctors that he left his job because he was laid off, rather than because he was

9    injured.  *Id.* at 828.  The Ninth Circuit held that the ALJ reasonably relied on the

10    reason that the claimant's employment ended in discrediting Plaintiff's subjective

11    symptom testimony.  *Id.*

12    The ALJ found that: Plaintiff "forthrightly testified he returned to work

13    performing carpentry at the light level of exertion in 2020. He testified he stopped

14    working because he was laid off due to the COVID shutdowns.  He did not stop

15    working because of his impairments.  The record shows he received over $31,000

16    in Unemployment payments in 2020."  AR 21.

17    The evidence in the present record concerning Plaintiff's return to work is

18    that Plaintiff worked in approximately summer 2020 for less than two months at

19    the same construction company where he had worked prior to his injury.  AR 59–

20    63.  Plaintiff testified that he had difficulty finding work that would accommodate

21    him after his injury until his son talked to the boss at Plaintiff's former employer,

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 15

1    where his son also worked.  AR 63.  Plaintiff testified that he struggled to complete

2    the lighter duties of the work that he undertook in 2020 due to hand issues and pain

3    and that he took frequent breaks due to his symptoms that "they weren't liking[.]".

4    AR 63–64, 72.  There is no indication in the record as to whether the construction

5    company laid off everyone due to COVID shutdowns or whether Plaintiff was laid

6    off in part because of his performance.  The circumstances of Plaintiff's brief

7    return to work in a limited capacity, at reduced pay, approximately nine months

8    after his injury and surgery, are distinguishable from *Bruton*, 268 F.3d at 826,

9    where the claimant did not even seek medical care for his injury for five months

10   after he was laid off.

11        Furthermore, the ALJ agreed with Plaintiff that he could not return to any

12   previous work, and the ALJ does not specify which alleged limitations regarding

13   Plaintiff's return to work the ALJ is discounting.  AR 21–22.  Given the evidence

14   concerning Plaintiff's brief return to work, the ALJ's assumption that Plaintiff

15   could have continued to work had COVID shutdowns not resulted in a layoff is

16   speculative and not supported by substantial evidence.  *See* SSR 86-8, 1986 SSR

17   LEXIS 15, at *22 ("Reasonable inferences may be drawn, but presumptions,

18   speculations and suppositions should not be substituted for evidence.").  The Court

19   does not find Plaintiff's return to work to amount to a specific, clear, and

20   convincing reason for discounting Plaintiff's allegations.

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 16

1

<u>Daily Activities</u>

2      Plaintiff argues that the ALJ's reliance on a brief mention of Plaintiff

3 injuring himself while helping a friend rip out bathroom tile is in error because

4 there is no indication that Plaintiff regularly undertook tile work or that the work

5 he did was inconsistent with his claimed limitation.  ECF No. 10 at 11–12 (citing

6 AR 530, 588; *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).  Plaintiff

7 contends that the tile work appears to have been done in a self-directed, rather than

8 workplace, environment where Plaintiff could take breaks, schedule tasks, and take

9 medication as needed.  *Id.* at 11.

10      The Commissioner responds that the ALJ reasonably found that Plaintiff's

11 ability to remove tiles conflicted with Plaintiff's alleged inability to work due to

12 hand pain and numbness.  ECF No. 11 at 9.

13      The ALJ found that "[w]hile Plaintiff alleged difficulties with his hands, the

14 record shows he was removing tiles in March 2021."  AR 21 (citing AR 530).  The

15 medical treatment record that the ALJ cited memorializes that Plaintiff went to the

16 ER on March 8, 2021, for an eye injury and sought further treatment from a family

17 medicine practitioner on March 9, 2021.  AR 530.  Plaintiff reported that he was

18 "helping remove tile" two days ago, and "a piece of debris flew up, hitting him in

19 left eye."  AR 530.  Plaintiff's emergency room treatment notes indicate that

20 Plaintiff reported "helping a friend out who was busting out bathroom tile" on

21 March 7, 2021.  AR 588.  The Court does not find this single instance of Plaintiff

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 17

somehow involving himself in a friend's tile removal project for an unspecified

amount of time to amount to a clear and specific reason to discount Plaintiff's

allegations that his symptoms prevent him from sustaining full-time work.

Consequently, the ALJ erred by failing to provide a specific, clear, and

convincing reason to discount Plaintiff's subjective symptom testimony.  In the

RFC that the ALJ formulated, Plaintiff can frequently push/pull with his bilateral

upper extremities, can frequently reach in all directions, and can frequently handle

and finger items, bilaterally.   AR 20.  This RFC may have been formulated

differently had Plaintiff's allegations regarding pain and numbness in his hands

been fully credited.  Therefore, the Court cannot determine that the error was

harmless, as Plaintiff alleged limitations that were disabling.  Therefore, the Court

concludes that remand is necessary on this issue.

### Other Issues

Plaintiff raises additional issues regarding the ALJ's duty to develop the

record and the treatment of a lay witness opinion.  ECF No. 10 at 2.  However,

remand is appropriate based on the ALJ's error in his assessment of Plaintiff's

subjective symptoms, and, in the interest of judicial economy. the Court does not

decide whether the other issues would independently warrant relief.

### Type of Remand

Lastly, Plaintiff asks the Court to remand his claim for a benefits award.  ECF

No. 10 at 2.  The Court may remand a case "either for additional evidence and

findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.

1996). When the Court reverses an ALJ's decision, "the proper course, except in

rare circumstances, is to remand to the agency for additional investigation or

explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations

omitted). However, the Ninth Circuit created a "test for determining when evidence

should be credited and an immediate award of benefits directed." *Harman v. Apfel*,

211 F.3d 1172, 1178 (9th Cir. 2000). The Ninth Circuit has endorsed an award for

benefits where:

> (1) the ALJ has failed to provide legally sufficient reasons for
> rejecting [the claimant's] evidence, (2) there are no outstanding
> issues that must be resolved before a determination of disability can
> be made, and (3) it is clear from the record that the ALJ would be
> required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined that the ALJ committed harmful error in

his assessment of Plaintiff's subjective testimony. However, the record in this

matter does not clearly support a finding of disability. Plaintiff's acceptance of

unemployment benefits following his work attempt in 2020 is one factor that an ALJ

could consider in assessing Plaintiff's symptom allegations, if the record showed

that Plaintiff was holding himself out as available for full-time rather than part-time

work. *See Carmickle v. Comm'r*, 533 1155, 1162 (9th Cir. 2008) (holding that

holding oneself out as available for full-time work while receiving unemployment

benefits is inconsistent with disability allegations). In addition, there are other

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 19

activities in the record that may undermine Plaintiff's subjective complaints, such as

Plaintiff's report to a physical therapist on February 24, 2020, that he had been

"working with a buddy on his trailer, replacing linoleum, in addition to working

around his home." AR 483; *see also* AR 485. Therefore, remand for

reconsideration of Plaintiff's subjective symptom testimony is appropriate. An ALJ

shall further determine on remand whether the record requires supplementation and

shall reassess the lay witness statement alongside all of the evidence. *See* Program

Operations Manual System (POMS) GN 03106.036 Court Remand Orders,

https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited Apr. 5, 2023) (a court

order vacating a prior decision and remanding the case voids the prior decision and

thus returns the case to the status of a pending claim).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that

the ALJ's decision contains a legal error. Accordingly, **IT IS HEREBY**

**ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED
   IN PART** and **DENIED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

3. The decision of the Commissioner is **REVERSED**, and this matter is
   **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for
   further proceedings consistent with this Order.

1    4.  Judgment shall be entered for Plaintiff.

2    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

3    Order, enter judgment as directed, provide copies to counsel, and **close the file** in

4    this case.

5    **DATED** April 10, 2023.

6

7                                    *s/ Rosanna Malouf Peterson*
                                   ROSANNA MALOUF PETERSON
                                   Senior United States District Judge